The term of all the members of the council, in office when the contract was made, expired on December 31, 1923. The question is whether, under 4220 and 4241 GC. such contract would be binding upon the council thereafter elected, for the period of its term.

4241 GC. inhibits council from entering into any contract which is not to go into full operation during the term for which its members are elected. A contract going into operation is to be distinguished from the completion of a contract. It is the intention of this section to prevent council from tying the hands of future councils in execution of contracts, but it could not be construed to require a contract to be completed within the term of present members. The council could not legally provide for employment of the solicitor to begin at a future date, but since, under the circumstances, the contract was in full operation, in pursuance to the provisions of the statute, it is valid for the term of two years from the date of its execution.

---

No. 359

In re DEPOSITARIES FOR SCHOOL FUNDS

No. 1168. Dated Jan. 31, 1924

1065. SCHOOLS—Contract with depository for school funds for two years beginning in July, held not invalid but is limited to period concluding thirty days after first Monday in January in even numbered years.

CRAGGE, Atty. Gen.

A Board of Education created a depositary on July 1, 1922, for two years and the question is whether, under Section 7604 the Board of Education should establish a new depositary within thirty days after the first Monday in January, 1924.

The Board of Education must, within thirty days after the first Monday in January, in the even numbered years, provide for the deposit of all moneys coming into the hands of its treasurer. The time mentioned in Section 7604 is not such a mandatory provision that it would prevent the Board of Education from entering into a contract after the time specified, but the thirty days following the first Monday of January, in the even numbered years, is a beginning and ending time for such depository contracts. A contract entered into on July 1, 1922, for two years, is not valid, but it cannot run for a longer period than thirty days after the first Monday in January, 1924.

No. 360

SCHACHT MOTOR TRUCK CO. v. C. C. C. & ST. L. RY. CO.

Cincinnati Superior Court, Hamilton County
No. 58868

123. BAILMENTS—Negligence of bailee held not imputable to bailor, nor pleaded as defense in action for damages to bailor's property by negligence of third person.

MARK, J.

The petition in this case alleged that the plaintiff was the owner of an automobile which was loaned for a consideration to one Van Horne, as bailee, and that while the truck was in the possession of the bailee it was damaged by the negligence of the defendant. The defendant, sa a part of its defense, set up in its answer the contributory negligence of the bailee and to this defense the plaintiff demurs on the ground that the facts were insufficient to constitute a defense at law. Held:

The negligence of the bailee is not imputable to the bailor, under such circumstances, for which reason the demurrer to this defense in the answer is sustained.

Attorneys—Buchwalter, Headley & Smith, for plaintiff; Harmon, Colston, Goldsmith & Hoadley, for defendant, all of Cincinnati.

for
CORPORATION
SEALS

STOCK
CERTIFICATE
BOOKS

CORPORATION
RECORDS

The WEIDENTHAL Co
Printers :: Publishers
1825 E. 18th St.
Prospect 3250        Central 7821
Our Catalog No. 10 contains a complete line of Stock Certificate samples.
SENT FREE UPON REQUEST